**Michael J. Farrell, OSB No. 902587**
mfarrell@mblglaw.com
**David W. Cramer, OSB No. 113621**
dcramer@mblglaw.com
MB LAW GROUP, LLP
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile:  503-914-1725

Attorneys for Defendants Rushmore Loan
Management Services, LLC and US Bank
National Association as Legal Title Trustee
for Truman 2016 SC6 Title Trust

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| JOEL GROSHONG, an individual,<br><br>       Plaintiff,<br><br>   v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES, LLC, a Delaware corporation; US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST, a Minnesota Trust; and QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, a Washington corporation<br><br>       Defendants. | Case No. 3:19-cv-00658-SI<br><br>**DEFENDANTS RUSHMORE AND US BANK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendants Rushmore Loan Management Services, LLC ("Rushmore") and US Bank

National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("US Bank")

(collectively, "Defendants") hereby Answer Plaintiff's Complaint as follows:

Page 1 -     DEFENDANTS RUSHMORE AND US BANK'S ANSWER
               AND AFFIRMATIVE DEFENSES

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

## I.    JURISDICTION & VENUE

1.    Defendants admit the allegations of Paragraph 1.A.

2.    Defendants admit the allegations of Paragraph 2.B.

## II.    INTRODUCTION

3.    Paragraph 3's allegations are unclear as to which defendants they are addressed.  To the extent the allegations are directed to the Defendants, Defendants admit that Plaintiff's complaint seeks, in part, to stop Defendants from foreclosing on the property.  Except as expressly admitted, Defendants deny the allegations of Paragraph 3.

## III.    FACTS COMMON TO ALL CLAIMS

4.    Defendants admit the allegations of Paragraph 4.A.

5.    Defendants admit the allegations of Paragraph 5.

6.    Defendants admit the allegations of Paragraph 6 upon information and belief.

7.    Defendants admit the allegations of Paragraph 7.

8.    Defendants admit the allegations of Paragraph 8.

9.    Defendants admit that Defendant US Bank acquired the Trust Deed and Note for the property on or around February 2017, and Defendant Rushmore became the servicer of the loan in March of 2017.  Defendants admit, on information and belief, that Plaintiff filed a Chapter 11 Bankruptcy in 2011.  Except as expressly admitted, Defendants lack sufficient information to either admit or deny the remaining allegations of Paragraph 9, and so deny the same.

10.    Defendants lack sufficient information to either admit or deny the allegations of Paragraph 10, and so deny the same.

Page 2 -    DEFENDANTS RUSHMORE AND US BANK'S ANSWER
AND AFFIRMATIVE DEFENSES

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

11.    The allegations in Paragraph 11 are unclear as to which defendants they are addressed.  To the extent the allegations are directed to the Defendants, Defendants deny the allegations of Paragraph 11.

12.    Defendants deny the allegations of Paragraph 12.

13.    The allegations in Paragraph 13 are unclear as to which defendants they are addressed.  To the extent the allegations are directed to Defendants, Defendants admit that in March of 2018, Rushmore provided a payoff amount to Plaintiff.  Except as expressly admitted, Defendants lack sufficient information to either admit or deny the remaining allegations of Paragraph 13, and so deny the same.

14.    The allegations in Paragraph 14 are unclear as to which defendants they are addressed. To the extent the allegations are directed to Defendants, Defendants admit that on or about May 31, 2018, a Notice of Sale and a notice to the tenants of the property were issued. Except as expressly admitted, Defendants deny the allegations of Paragraph 14.

15.    Defendants admit the Notice of Sale speaks for itself.  Defendants deny the allegations of Paragraph 15 to the extent they conflict with the express terms of the Notice of Sale.

16.    Defendants admit that the letter attached to Plaintiff's Complaint as Exhibit A speaks for itself.  Defendants admit that the letter was sent to Rushmore.  Except as expressly admitted or denied, Defendants deny the remaining allegations of Paragraph 16.

17.    Defendants admit the allegations of Paragraph 17.

18.    Defendants lack sufficient information to either admit or deny the allegations of Paragraph 18, and so deny the same.

Page 3 -    DEFENDANTS RUSHMORE AND US BANK'S ANSWER
AND AFFIRMATIVE DEFENSES

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

19.     Defendants deny that lack sufficient information to either admit or deny the allegations of Paragraph 19, and so deny the same.

20.     Defendants lack sufficient information to either admit or deny the allegations of Paragraph 20, and so deny the same.

21.     Defendants admit that Quality Loan Service Corp. issued a Notice of Rescission of Trustee's Sale, the contents of which speak for itself.  Except as expressly admitted, Defendants lack sufficient information to either admit or deny the allegations of Paragraph 21.

22.     Defendants admit that Plaintiff continues to accrue interest, late fees, and attorney fees associated with the loan.  Except as expressly admitted, Defendants deny the allegations of Paragraph 22.

23.     The allegations in Paragraph 23 are unclear as to which defendants they are addressed.  To the extent the allegations are directed to the Defendants, Defendants admit that Quality Loan Service Corp. served Plaintiff with a new Notice of Sale and Notice to Tenants, the contents of which speak for themselves.

24.     Defendants admit the allegations of Paragraph 24.

25.     Defendants admit that the locks on the property were replaced in November of 2017 and October of 2018.  Except as expressly admitted, Defendants deny the allegations of Paragraph 25.

26.     Paragraph 26 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 26.

27.     Defendants deny the allegations of Paragraph 27.

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

## IV.     CLAIMS FOR RELIEF

### First Claim for Relief

(Breach of Contract)

28.     In response to the allegations of Paragraph 28, Defendants re-allege and incorporate its responses to paragraphs 1 through 27 as though fully set forth herein.

29.     Defendants admit that Plaintiff's loan agreement constitutes a contract.  Defendants admit that Defendant US Bank is now the owner of Plaintiff's obligations under the loan agreement and trust deed and that the terms of those agreements speak for themselves.  Except as expressly admitted, Defendants deny the allegations of Paragraph 29.

30.     Defendants deny the allegations of Paragraph 30.

31.     Defendants admit that Plaintiff breached the agreement.  To the extent Plaintiff intended to allege that Defendants breached the agreement, Defendants deny.  Plaintiff was already in default on his loan.  Except as expressly admitted, Defendants deny the allegations of Paragraph 31.

32.     Defendants deny the allegations of Paragraph 32.

33.     Paragraph 33 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 33.

### Second Claim for Relief

(Declaratory Judgment)

34.     In response to the allegations of Paragraph 34, Defendants re-allege and incorporate its responses to paragraphs 1 through 33 as though fully set forth herein.

DEFENDANTS RUSHMORE AND US BANK'S ANSWER
AND AFFIRMATIVE DEFENSES

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

35.    Paragraph 35 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants admit there is an actual controversy, but deny that Plaintiff is entitled to Declaratory Judgment.

36.    The allegations of Paragraph 36 fail to accurately reflect the dispute before the Court, as Plaintiff misstates the roles of the parties in the dispute.  Defendants admit the Complaint states a controversy relating to the legal rights of the respective parties.  Except as expressly admitted, Defendants deny that Paragraph 36 accurately reflects the dispute amongst the Parties. Defendants aver that Plaintiff has breached the loan agreement and Defendants are entitled to foreclose on the property.

37.    Defendants admit the allegations of Paragraph 37.

38.    Defendants admit the allegations of Paragraph 38.

39.    The allegations of Paragraph 39 fail to accurately reflect the dispute before the Court, as Plaintiff misstates the roles of the parties in the dispute.  Defendants deny the allegations of Paragraph 39.

40.    In response to the allegations of Paragraph 40, Defendants admit that they are entitled to their attorney fees and costs.  Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 40.

### Third Claim for Relief

(Breach of Covenant of Good Faith and Fair Dealing)

41.    In response to the allegations of Paragraph 41, Defendants re-allege and incorporate its responses to paragraphs 1 through 40 as though fully set forth herein.

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

42.     Defendants admit that Plaintiff's loan agreement constitutes a contract.  Defendants admit that Defendant US Bank is now the owner of Plaintiff's obligations under the loan agreement and trust deed and that the terms of those agreements speak for themselves.  Except as expressly admitted, Defendants deny the allegations of Paragraph 42.

43.     Paragraph 43 contains conclusions of law to which no response is required.

44.     Defendants deny the allegations of Paragraph 44.

45.     The allegations of Paragraph 45 fail to accurately reflect the dispute before the Court, as Plaintiff misstates the roles of the parties in the dispute.  Defendants admit they have been damaged, but otherwise deny the allegations of Paragraph 45.

46.     In response to the allegations of Paragraph 46, Defendants admit that they are entitled to their attorney fees and costs.  Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 46.

## Fourth Claim for Relief

### (Trespass)

47.     In response to the allegations of Paragraph 47, Defendants re-allege and incorporate its responses to paragraphs 1 through 46 as though fully set forth herein.

48.     Defendants deny the allegations of Paragraph 48.

49.     Defendants deny the allegations of Paragraph 49.

50.     Defendants deny the allegations of Paragraph 50.

///

///

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

**Fifth Claim for Relief**

(Intentional Interference with Economic Relationship)

51.    In response to the allegations of Paragraph 51, Defendants re-allege and incorporate its responses to paragraphs 1 through 50 as though fully set forth herein.

52.    Defendants lack sufficient information to either admit or deny the allegations of Paragraph 52, and so deny the same.

53.    Defendants lack sufficient information to either admit or deny the allegations of Paragraph 53, and so deny the same.

54.    Defendants deny the allegations of Paragraph 54.

55.    Defendants deny the allegations of Paragraph 55.

56.    Defendants deny the allegations of Paragraph 56.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants hereby set forth their affirmative defenses as follows:

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

57.    Plaintiff's Complaint fails to state a claim for relief on any of its claims.

**SECOND AFFIRMATIVE DEFENSE**

(Unclean Hands)

58.    Despite the Notice and Plaintiff having full knowledge of where to send payment to reinstate the loan and knowing the reinstatement amount, Plaintiff withheld payment of all amounts due and owing to reinstate the loan.  Instead of sending payment to Defendants as required to reinstate the loan, Plaintiff sent the Defendants a "tender letter" in an attempt to reinstate the loan when on or before October 3, 2018:

Page 8 -    DEFENDANTS RUSHMORE AND US BANK'S ANSWER
            AND AFFIRMATIVE DEFENSES

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

a.  Plaintiff knew the reinstatement amount;

b.  Plaintiff knew the address to send the reinstatement funds; and

c.  Plaintiff chose not to pay the reinstatement amount.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

59.  Some or all of Plaintiff's alleged damages (which Defendants deny exist) may be barred based on Plaintiff's failure to mitigate.

## FOURTH AFFIRMATIVE DEFENSE

### (Prior Breach)

60.  Plaintiff's claims for Breach of Contract are precluded by Plaintiff's prior breach, when Plaintiff failed to pay amounts due and owing under the loan agreement, and failed to comply with the terms of ORS § 86.778 to reinstate his loan.

## FIFTH AFFIRMATIVE DEFENSE

### (Unstated Affirmative Defenses)

61.  Defendants allege that at this time they have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available.  Defendants, therefore, reserve the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, Defendants pray for a judgment from this Court:

1.  Dismissing Plaintiffs' claims against Defendants with prejudice;

2.  Awarding Defendants their reasonable attorney fees under the Note and Deed and O.R.S. 20.096;

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

3.       Awarding Defendants their costs and disbursements, and expenses incurred in

defending this action; and

4.       For such other relief as the Court deems appropriate.

DATED:  May 22, 2019.

                                        MB LAW GROUP, LLP


                                         s/ Michael J. Farrell
                                        Michael J. Farrell, OSB No. 902587
                                        David W. Cramer, OSB No. 113621
                                        117 SW Taylor Street, Suite 200
                                        Portland, OR 97204
                                        Telephone:  503-914-2015
                                        Email: mfarrell@mblglaw.com
                                        Email: dcramer@mblglaw.com

                                        *Attorneys for Defendants Rushmore Loan*
                                        *Management Services, LLC and US Bank*
                                        *National Association as Legal Title Trustee*
                                        *for Truman 2016 SC6 Title Trust*

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725